UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARK HENNIGAN,**

  *Plaintiff*,

v.                                                                                Case No.  SA-25-CV-00115-JKP

**PHH MORTGAGE CORPORATION,
MOUNT NORTH CAPITAL 4, LLC,**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants PHH Mortgage Corp. and Mount North Capital 4's Motion to Dismiss for Failure to State a Claim. *ECF No. 16*. Plaintiff Mark Hennigan responded. *ECF No. 22*. Upon consideration, the Motion is DENIED.

### Factual Background

Mark Hennigan filed this action arising out of a foreclosure sale of his residence by PHH Mortgage Corporation (PHH) as the servicer of a mortgage loan to Mount North Capital 4 (Mount North). Hennigan asserts causes of action against PHH for wrongful foreclosure and, alternatively, recission of the foreclosure, violations of the Texas Debt Collection Practices Act (TDCA), and breach of contract. Hennigan asserts a cause of action against Mount North to set aside the foreclosure sale and quiet title. Hennigan seeks injunctive relief to prohibit Mount North from attempting to take possession of the home or interfere with his right to possession of the home during the pendency of this action.

PHH and Mount North filed this joint Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6).

## Legal Standard

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## Discussion

### 1. Wrongful Foreclosure/Recission of Foreclosure

### A. Wrongful Foreclosure

To sufficiently assert a cause of action for wrongful foreclosure, a plaintiff must assert facts to support the elements: (1) a defect in the foreclosure proceedings occurred; (2) a grossly inadequate sale price; and (3) a causal connection between the defect and the inadequate sale price. *Bernard v. Bank of Am., N.A.*, No. 04-12-00088-CV, 2013 WL 441749, at *3 (Tex.App.-San Antonio Feb. 6, 2013, no pet.); *Pollett v. Aurora Loan Services*, 455 Fed. Appx. 413, 415 (5th Cir. 2011).

In support of this cause of action, Hennigan alleged facts to support PHH failed to give proper notice to allow him to cure any default on the subject loan as required by Texas law, PHH failed to properly consider him for loss mitigation options under federal law, and PHH's misrepresentations regarding the loss mitigation process caused him to delay his pursuit of other options for avoiding the foreclosure sale, that is, raising the money necessary to reinstate the loan or filing for bankruptcy protection. *ECF No. 14, pars. 40–51*. Thus, Hennigan plausibly alleged PHH misled him into inaction and prevented him from protecting his rights to his home. Hennigan alleged his home is worth $1.2M, and the sale price to Mount North was less than half the value of the property, and thus, the sale price was grossly inadequate. *Id. at par. 47*. These allegations provide the necessary causal link between PHH's acts and omissions and the ultimate sale of the home for less than half its fair market value.

Review of the Amended Complaint reveals Hennigan alleged sufficient facts to assert a plausible cause of action for wrongful foreclosure. Consequently, PHH's Motion to Dismiss this cause of action will be denied.

**B. Recission of Foreclosure**

To put the defendant on notice that the plaintiff seeks damages or rescission of a foreclosure, a plaintiff must assert facts to support the elements of: (1) the defendant failed to comply with statutory or contractual terms governing the foreclosure, or (2) the defendant complied with such terms, yet took affirmative action that detrimentally affected the fairness of the foreclosure process. *First State Bank v. Keilman*, 851 S.W.2d 914, 921-22 (Tex.App.-Austin 1993, writ denied).

Hennigan alleges PHH failed to provide him with a notice to cure and failed to properly assess his application for alternative loss mitigation options, such as a repayment plan or forebearance. *ECF No. 14, pars. 16-43*. Hennigan alleges PHH misrepresented that it cancelled any acceleration of the loan to give Hennigan more time to raise the money needed to reinstate the loan and misrepresented that PHH would not accelerate the loan until at least August 16, 2024. *Id. at par. 41*. Hennigan alleges PHH failed to comply with its statutory and contractual duty to provide a notice to cure with citation to the specific statutes violated, and PHH failed to comply with federal law which required it to "evaluate the [Plaintiff] for all loss mitigation options" pursuant to 12 C.F.R. 1024.41(c)(1)(i). Hennigan alleges PHH failed to send the notice of its determination of his appeal of PHH's failure to properly process his loss mitigation application as required by federal law (12 C.F.R. 1024.41(g)(1) and (h)), before it could initiate foreclosure proceedings. Hennigan provides facts and specific conduct upon which he supports these allegations *ECF No. 14, pars.* 16-39.

Review of the Amended Complaint reveals Hennigan alleged sufficient facts to assert a plausible cause of action for an alternative assertion for damages or recission of the foreclosure. Consequently, PHH's Motion to Dismiss this cause of action will be denied.

### 2. Texas Debt Collection Practices Act (TDCPA)

The TDCPA (Texas Finance Code Chapter 392) governs foreclosure activities by mortgage servicers, including the requirement to provide notices set forth in the Texas Property Code. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 732 (N.D. Tex. 2011). The Texas Property Code requires a loan servicer send specific notices to a borrower before conducting a non-judicial foreclosure sale. Tex. Prop. Code Ann. § 51.002; *see also, Gatling v. CitiMortgage*, Inc., No. CIV.A. 1-2879, 2012 WL 3756581, at *12 (S.D. Tex. Aug. 28, 2012)(citing *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (1987)).

The Court notes the Texas Supreme Court has not conclusively addressed the whether the TDCPA applies to foreclosure proceedings; however, many federal courts sitting in diversity in Texas hold an act of foreclosure is "debt collection" for purposes of the TDCPA. *Guerrero v. Bank of Am. N.A.*, No. CV H-17-239, 2017 WL 2876504, at *6 (S.D. Tex. July 6, 2017); *Sias v. Wells Fargo Bank, N.A.*, No. EP-12-CV-417, 2013 WL 8476169, at *6 (W.D. Tex. July 1, 2013). Further, a threat to terminate a contract without the legally required notice could also violate the TDCPA. *See Sias,* 2013 WL 8476169, at *7; *see also Rey v. Acosta*, 860 S.W.2d 654, 659 (Tex. App.—El Paso 1993, no pet.). Thus, the TDCPA can apply to the transactions at issue under these factual circumstances.

Hennigan alleges PHH failed to provide him with notice to cure required by Texas Property Code § 51.002(d) and ¶ 22 of the Deed of Trust. Hennigan alleges PHH's actions in pro-

5

ceeding with a foreclosure sale when it had no statutory or contractual right to do so constitutes a violation of the TDCPA, Tex. Fin. Code Ann. 392.301(a)(8). *ECF No. 14, at pars. 41-43, 48*. Hennigan alleges PHH misrepresented to him he was eligible for consideration of alternative loss mitigation options, such as a repayment plan or forbearance, and that he was being evaluated for these options, and these misrepresentations violated the TDCPA, Tex. Fin. Code Ann. § 392.304(a)(14); *ECF No. 14, at pars.* 15-40. As a result, Hennigan alleges PHH deceived him and caused him to discontinue pursuit of other options to bring the loan current or avoid foreclosure. *Id. at pars. 40, 50*. Hennigan states these misrepresentations regarding federally mandated loss mitigation procedures constituted a violation of the TDCPA as they misrepresented the status or nature of PHH's services and misled him into thinking he could reinstate the loan and avoid foreclosure through other available loss mitigation options. Hennigan also alleges PHH misrepresented to him that the loan would not be accelerated until at least August 16, 2024, to give him additional time to raise the money needed to reinstate the loan; however, PHH sent him notice of acceleration on July 25, 2024, without first sending him the notice to cure required by Texas Property Code § 51.002(d) and ¶ 22 of the Deed of Trust. *ECF No. 14, at pars. 41-43*. These allegations are sufficient to state a plausible cause of action based upon violations of the TDCPA. Consequently, PHH's Motion to Dismiss this cause of action will be denied.

### 3. Breach of Contract

Breach of a deed of trust contract for failure to serve notice of foreclosure may exist as a stand-alone cause of action, apart from a cause of action for wrongful foreclosure. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018). The essential elements of this cause of action are "(1) the existence of a valid contract; (2) performance or tendered performance by

the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Id.* at 244; *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011).

Hennigan alleges "PHH breached the deed of trust in question (including without limitation ¶ 22 of the deed of trust) by conducting an unlawful foreclosure sale without required notices." ECF No. 14, par. 55. Hennigan further alleges the failure to provide the required notice to cure deprived him of his statutory and contractual right to be given sufficient time to "raise the money necessary to reinstate the loan, such as by accessing his retirement accounts." *Id. at pars. 42, 50*. Hennigan asserts he incurred economic damages as a result of the breach in the form of lost equity in the home, lost time, and damage to credit reputation. *Id. at pars. 49, 67*. Finally, Hennigan alleges he tendered performance under the contract. *Id. at par.* 51.

These allegations support each of the elements of a cause of action for breach of the deed of trust contract. *See Williams*, 884 F.3d at 245; *Watson*, 814 F. Supp. 2d at 732. Any failure by Hennigan to make payments on the loan does not preclude his breach of contract claim based upon the allegation that PHH agreed to provide a 30-day notice to cure, which is independent of Hennigan's obligation to make monthly payments on the loan. *See Williams*, 884 F.3d 239 at 245. Thus, Hennigan's admitted default in falling behind on his loan payments does not excuse PHH's failure to comply with the notice provisions of the deed of trust. *Id.*

For these reasons, Hennigan alleged sufficient facts to state a plausible cause of action for breach of contract. Consequently, PHH's Motion to Dismiss this cause of action will be denied.

### 4. Set Aside the Foreclosure Sale and Quiet Title

The essential elements of a cause of action to quiet title are: (1) the plaintiff has an interest in a specific property; (2) a claim by the defendant affects title to the property; and (3) the defendant's claim, though facially valid, is invalid or unenforceable. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied). A quiet title action is available to an owner of a property who challenges the validity of a foreclosure sale and the resulting substitute trustee's deed of trust. *Kapur v. U.S. Bank Nat'l Ass'n*, 691 S.W.3d 663, 667 (Tex. App.—Houston [14th Dist.] 2024, pet. denied); *Callan v. Deutsche Bank Tr. Co. Ams.*, 11 F. Supp.3d 761, 771 (S.D. Tex. 2014).

Hennigan alleges his interest in his home is affected by Mount North's claim to the home, and that significant defects in the foreclosure sale process render Mount North's substitute trustee's deed invalid and unenforceable. *ECF No. 14, pars. 46-51*. Based upon these allegations, Hennigan asserts facts to support the alleged invalidity of Mount North's claim on the property.

Mount North's assertion of "good faith purchaser" status does not render Hennigan's assertion of this cause of action implausible. "[T]he doctrine of good faith purchaser for value without notice does not apply to a purchaser at a void foreclosure sale." *Mount Henke v. First S. Properties, Inc.*, 586 S.W.2d 617, 620 (Tex. Civ. App.—Waco 1979); *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 723 (Tex. App.—Houston [1st Dist.] 1985). If the party conducting a foreclosure sale has no power or authority to offer the property for sale, or if there is other defect or irregularity which would render the foreclosure sale void, then the purchaser cannot acquire title to the property. *Id*. "[A] a purchaser under a power at a foreclosure sale obtains only such title as the trustee had authority to convey." *Id*.; *First Southern Properties, Inc. v. Vallone, Tex.*, 533

S.W.2d 339, 341 (Tex. 1976); *Henke v. First S. Properties, Inc.*, 586 S.W.2d 617, 620 (Tex. App.—Waco 1979, writ ref'd n.r.e.).

For these reasons, Hennigan alleged sufficient facts to state a plausible cause of action against Mount North to set aside the foreclosure sale and quiet title. Consequently, Mount North's Motion to Dismiss this cause of action will be denied.

### 5. Fraudulent and Negligent Misrepresentation

Hennigan does not respond to PHH's motion to dismiss his causes of action for fraudulent and negligent misrepresentation. However, it appears Hennigan responded to any motion to dismiss these causes of action within the discussion of the wrongful foreclosure cause of action. Based upon the previously discussed allegations, the Court concludes Hennigan asserted sufficient basis to support these causes of action at this time. If Hennigan intends to abandon these causes of action, he may amend the Complaint to drop these causes of action. Any amendment is limited to this purpose, only.

### 6. Injunctive Relief to Prohibit Mount North From Attempting to Take Possession of the Property

Hennigan requests injunctive relief to maintain the status quo and retain possession of the home during the pendency of this action. Based upon the plausible causes of action asserted, the Court concludes injunctive relief is appropriate. *See Fairfield Fin. Group, Inc. v. Gawerc*, 814 S.W.2d 204, 210 (Tex.App.-Houston [1st Dist.] 1991, no writ); *EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 867-68 (Tex.App.-Dallas 2008, no pet.).

**Conclusion**

For these reasons, PHH and Mount North's Motion to Dismiss for Failure to State a Claim is DENIED.

It is so ORDERED.
SIGNED this 1st day of May, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE